UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE LIFE IS GOOD COMPANY,<br>    Plaintiff<br><br>v.<br><br>MYLOCKER.COM, LLC; NAMECHEAP,<br>INC. and RAMNODE LLC,<br>    Defendants | C.A. No. |

## VERIFIED COMPLAINT AND JURY DEMAND

### PARTIES

1. Plaintiff The Life is Good Company ("Life is Good") is a Massachusetts corporation with a principal place of business in Boston, Massachusetts.

2. Upon information and belief defendant Mylocker.com, LLC ("Mylocker") is a limited liability company organized under the laws of the State of Michigan, with a principal place of business in Detroit, Michigan.

3. Upon information and belief defendant Namecheap, Inc. ("Namecheap") is a corporation organized under the laws of the State of Arizona, with a principal place of business in Phoenix, Arizona.

4. Upon information and belief defendant RamNode LLC ("RamNode") is a limited liability company organized under the laws of the State of Georgia, with a principal place of business in Atlanta, Georgia.

### JURISDICTION AND VENUE

5. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the plaintiff and the defendants are citizens of different states, and the property right at

1

issue has a value in excess of $75,000.00. In addition, this Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b) because this matter involves violations of the Lanham Act, 15 U.S.C. § 1051, et seq., as well as substantial and related state law claims.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because Life is Good's cause of action arose and Life is Good is being injured in this judicial district, and because defendants are doing business in this judicial district and targeting Massachusetts customers to purchase their infringing services.

## FACTS

A. <u>The Plaintiff and its "LIFE IS GOOD", "Jake" and "Jackie" Trademarks.</u>

7. Since at least as early as 1994, and continuously therefrom, the Plaintiff and its predecessors (Albert Jacobs and John Jacobs, previously doing business as Jacobs Gallery) have sold various products such as t-shirts, hats, pants, other clothing, stickers, flying discs, coffee mugs, *inter alia*, under the trademark "LIFE IS GOOD." The goods have been sold to retail stores and consumers directly by Life is Good, through its licensees, or through its web site.

8. Since 1994, the Plaintiff has continuously and pervasively utilized its "LIFE IS GOOD" trademark within this district and throughout the United States on its products, on hang tags, displays, boxes, packaging and labels, at its website (www.lifeisgood.com), and in catalogs and other places.

9. In short, the Plaintiff has invested substantial resources in promoting its products under the "LIFE IS GOOD" mark, and in developing national recognition of its "LIFE IS GOOD" mark and brand. As a result, the "LIFE IS GOOD" mark is perceived as a distinctive indicator of Plaintiff as the source of the goods.

10. On December 24, 1996, the United States Patent and Trademark Office (the

"U.S.P.T.O.") issued a registration for Plaintiff's trademark "LIFE IS GOOD," registration number 2,025,737 (the "'737 Registration"). The registration was issued to Jacobs Gallery. The goods under this registration are "Sportswear, namely T-shirts, sweatshirts, shirts, hats, pants, and shorts." The trademark was assigned by Jacobs Gallery to Life is good, Inc. on April 16, 1998. On April 6, 2002, the U.S.P.T.O. accepted Life is Good's section 8 and 15 affidavit for the '737 registration, and thus, it has become incontestable pursuant to 15 U.S.C. § 1065. The trademark was renewed on January 11, 2017, and is currently in full force and effect. On October 15, 2008, the change of the name of the registrant to The Life is Good Company was recorded with the U.S.P.T.O.

11. In addition, Life is Good has ten (10) other U.S. trademark registrations for the "LIFE IS GOOD" trademark for a variety of goods and services, and has registered the "LIFE IS GOOD" trademark in Canada, Europe and numerous other countries.

12. Further, the Plaintiff, through assignment from Jacobs Gallery, is the owner of the "Jake Symbol," which Life is Good utilizes as a trademark on or in connection with many of the products it sells. An example of the "Jake Symbol" is attached hereto as Exhibit A.

13. The "Jake Symbol" was registered on April 22, 1997, U.S. Reg. Number 2,055,452, and was assigned to Plaintiff on April 16, 1998. The U.S.P.T.O. accepted Life is Good's section 8 and 15 affidavit for the "Jake Symbol" registration, and thus, it has become incontestable pursuant to 15 U.S.C. § 1065. The "Jake Symbol" trademark registration has been renewed and is currently in full force and effect.

14. Life is Good also owns the trademark rights in the female version of the "Jake Symbol" – known as "Jackie" – which Life is Good has used in connection with the sale of clothing since at least 2002.

15. The trademark "LIFE IS GOOD" appears on or in connection with every product sold by Life is Good, and the "Jake Symbol" and "Jackie" appear on many of Life is Good's products.

16. For many years Life is Good has marketed its products and offered its products for sale at its internet web site located at www.lifeisgood.com. Representative pages from Life is Good's web site are attached hereto as Exhibit B.

B. <u>The Defendants and Their Infringing Activities</u>.

17. Plaintiff recently learned of the existence of a website at the domain www.lifeisgoodshirt.com. The www.lifeisgoodshirt.com website is a counterfeit website in that it mimic's Life is Good's website by using Life is Good's trademarks, images, logos and slogans in order to draw Life is Good's customers to the site. Further the www.lifeisgoodshirt.com website offers for sale counterfeit versions of Life is Good t-shirts, in particular t-shirts that infringe the LIFE IS GOOD, "Jake Symbol" and "Jackie" trademarks. Representative pages from the www.lifeisgoodshirt.com website are attached hereto as Exhibit C.

18. Through investigation Life is Good has learned that all three defendants are providing services to the www.lifeisgoodshirt.com website in order to facilitate infringing sales at that site.

19. Defendant Mylocker (1) provides the software that allowed the operator of the www.lifeisgoodshirt.com website to create the website, upload the infringing designs and offer them for sale at the www.lifeisgoodshirt.com website; (2) provides payment processing services to complete the sales of the infringing products; (3) provides fulfillment services in connection with the printing and shipping of the infringing products; (4) provides customer service to support the infringing sales; and (5) provides the ability for customers to return items to Mylocker directly.

20. On information and belief, upon each sale Mylocker reimburses itself for "production costs" and pays itself a processing fee, and then pays out the remaining revenue to the operator of the www.lifeisgoodshirt.com website.

21. Defendant Namecheap provides website/server management services for the www.lifeisgoodshirt.com website that permit the website to operate and make its infringing sales.

22. Defendant RamNode hosts the www.lifeisgoodshirt.com website on its platform.

23. While both Namecheap and RamNode purport to have complaint procedures that meet the requirements of the Digital Millennium Copyright Act ("DMCA"), in fact Life is Good's counsel submitted complaints pursuant to those procedures on Wednesday, September 27, 2017, and as of the filing of this lawsuit had received no response from either Namecheap or RamNode.

24. Further, Namecheap and RamNode's complaint procedures do not meet the requirements of the DMCA. Defendants fail to promptly act on complaints submitted through their respective procedures. Further, the DMCA "safe harbor" provisions only apply to copyright infringement claims; thus Defendants' on-line portals afford Namecheap and RamNode no "safe harbor" from Life is Good's claims of trademark infringement.

25. Life is Good's counsel sent a letter by email and overnight mail to the president of Mylocker on September 27, 2017 demanding that Mylocker immediately disable the www.lifeisgoodshirt.com website. Life is Good's counsel also left a voicemail message through Mylocker's telephone number (it is not possible to reach a live person through Mylocker's telephone number) on September 29, 2017, and the same day tried to reach Mylocker through the counsel that prosecuted its trademark application. Despite these efforts Mylocker has not

responded to Life is Good's demand that it disable the www.lifeisgoodshirt.com website, and the website remains operating as of the filing of this complaint.

26. Defendants' actions have caused and/or contributed to confusion, and/or are likely to cause and/or contribute to confusion, mistake, or deception among the consuming public as to the source or origin of the products sold on the www.lifeisgoodshirt.com website, and are likely to create a false belief that sales on that website are authorized by or sponsored by Life is Good. As a result, defendants' actions are causing, and unless enjoined will continue to cause, damage to the substantial goodwill that Life is Good has developed in its marks and brand.

27. If defendants are not enjoined from continuing their infringing conduct, Life is Good will suffer immediate and irreparable harm.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT
## 15 U.S.C. § 1114

28. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 27 of the verified complaint.

29. Plaintiff's marks "LIFE IS GOOD" and the "Jake Symbol" are protected by valid, subsisting, and incontestable United States Trademark Registrations. Additionally, Life is Good has developed common law rights in its "Jackie" trademark.

30. The commercial use of Life is Good's trademarks on the www.lifeisgoodshirt.com website and the sale of infringing t-shirts on that website constitute willful infringement of Life is Good's registered trademarks, and such commercial use was with knowledge of and intended to trade off of Life is Good's prior rights to its registered trademarks.

31. Defendants' services allow the www.lifeisgoodshirt.com website to operate and to serve as a platform for the sale of infringing products - which creates a likelihood of confusion in

the minds of consumers as to Life is Good's affiliation, connection or association with, or sponsorship or endorsement of the infringing products.

32. Plaintiff has not authorized defendants to make the above-described uses of plaintiff's trademarks.

33. Upon information and belief, defendants acted knowingly and intentionally in misappropriating plaintiff's trademarks, and have continued to do so despite actual knowledge of plaintiff's rights and defendants' infringement.

34. The goodwill of Life is Good's trademarks is of enormous value, and Life is Good is suffering and will continue to suffer irreparable harm should defendants' unauthorized acts continue.

35. Defendants' infringement has continued and will continue unless enjoined by this Court.

36. Life is Good is entitled to preliminary and permanent injunctions against defendants, as well as all other remedies available under the Lanham Act, including, without limitation, compensatory damages, enhanced damages, disgorgement of profits and costs and attorney's fees.

## COUNT II
## UNFAIR COMPETITION AND PASSING OFF UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)

37. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 36 of the verified complaint.

38. Defendants' services permit the www.lifeisgoodshirt.com website to offer for sale products bearing the Life is Good trademarks that compete directly with authentic Life is Good products, causing and likely to continue causing confusion, mistake or deception on the part of

persons interested in purchasing authentic Life is Good products as to the origin of the infringing products, and/or the sponsorship or approval by Life is Good of those infringing products.

39. Upon information and belief, defendants' unfair competition and passing off has been willful and deliberate, and has continued despite actual knowledge of plaintiff's rights and defendants' infringement.

40. The goodwill of Life is Good's trademarks is of enormous value, and Life is Good is suffering and will continue to suffer irreparable harm should defendants' unfair competition and passing off of the infringing products continue.

41. Defendants' unfair competition and passing off has continued and will continue unless enjoined by this Court.

42. Life is Good is entitled to preliminary and permanent injunctions against defendants, as well as all other remedies available under the Lanham Act, including, without limitation, compensatory damages, enhanced damages, disgorgement of profits and costs and attorney's fees.

COUNT III
<u>CONTRIBUTORY TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT,
15 U.S.C. §§ 1114 and 1125(a)</u>

43. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 42 of the verified complaint.

44. Defendants' services permit the www.lifeisgoodshirt.com website to offer for sale products bearing the Life is Good trademarks that compete directly with authentic Life is Good products, causing and likely to continue causing confusion, mistake or deception on the part of persons interested in purchasing authentic Life is Good products as to the origin of the infringing products, and/or the sponsorship or approval by Life is Good of those infringing products.

45. In view of the numerous notices provided to defendants by Life is Good, as well as telephone calls placed by Life is Good's counsel, defendants are aware that they are contributing to the infringement occurring at the www.lifeisgoodshirt.com website.

46. Defendants are liable for contributory trademark infringement through their services provided to the operator of the www.lifeisgoodshirt.com website, and through their refusal to disable that infringing website despite repeated notices.

## COUNT IV
## COUNTERFEITING UNDER THE LANHAM ACT, 15 U.S.C. § 1114

47. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 46 of the verified complaint.

48. Defendants, without authorization from Life is Good, have provided services that allow the www.lifeisgoodshirt.com website to operate and display counterfeit or colorable imitations of federally registered Life is Good trademarks.

49. Defendant's actions have caused and are likely to continue to cause confusion, mistake and deception among consumers and potential consumers as to whether the counterfeit products originate from or are affiliated with, sponsored by, licensed by or endorsed by Life is Good.

50. Defendants have acted with knowledge of Life is Good's trademark rights and with a deliberate, willful intention to trade upon the consumer goodwill created and enjoyed by Life is Good.

51. Defendants' actions constitute trademark counterfeiting in violation of 15 U.S.C. § 1114.

52. The goodwill of Life is Good's trademarks is of enormous value, and Life is Good is

suffering and will continue to suffer irreparable harm should defendants' unauthorized conduct continue.

53. Defendants' conduct has continued and will continue unless enjoined by this Court.

54. Life is Good is entitled to preliminary and permanent injunctions against defendants, as well as all other remedies available under the Lanham Act, including, without limitation, compensatory damages, enhanced damages, disgorgement of profits and costs and attorney's fees.

## COUNT V
## UNFAIR COMPETITION UNDER THE COMMON LAW

55. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 54 of the verified complaint.

56. Plaintiff's trademarks are well-known throughout the United States.

57. Defendants' conduct constitutes unfair competition in violation of the Lanham Act and the common law, as well as common law trademark infringement.

58. Unless enjoined, these acts will cause irreparable injury and damage to plaintiff for which there exists no adequate remedy at law.

WHEREFORE, Plaintiff The Life is Good Company prays that this Court:

1. Enter judgment in favor of plaintiff on all counts of the complaint;

2. Award plaintiff monetary damages plus statutory interest;

3. Award plaintiff enhanced damages, attorneys' fees and costs;

4. Order defendants to disgorge all profits realized from the sale of infringing products;

5. Order defendants to pay to plaintiff statutory damages of $1,000,000 per counterfeit

mark per type of product sold, offered for sale, or distributed in accordance with 15 U.S.C. § 1117;

  6. Order defendants to surrender all infringing products for destruction;

  7. Enter a preliminary injunction enjoining and restraining Defendant Mylocker.com, LLC, its directors, officers, agents, servants, employees, attorneys, subsidiaries, parents, affiliated companies, successors, and assigns, and all persons in active concert or participation with said Defendant who receive actual notice of this Court's orders by personal service or otherwise, from (1) providing the software that allows the operator of the www.lifeisgoodshirt.com website to upload designs and offer them for sale at the www.lifeisgoodshirt.com website; (2) providing payment processing services in connection with the sale of products through the www.lifeisgoodshirt.com website; (3) providing fulfillment services in connection with the printing and shipping of products sold through the www.lifeisgoodshirt.com website; and (4) providing customer service to support sales at the www.lifeisgoodshirt.com website;

  8. Enter a permanent injunction enjoining and restraining Defendant Mylocker.com, LLC, its directors, officers, agents, servants, employees, attorneys, subsidiaries, parents, affiliated companies, successors, and assigns, and all persons in active concert or participation with said Defendant who receive actual notice of this Court's orders by personal service or otherwise, from (1) providing the software that allows the operator of the www.lifeisgoodshirt.com website to upload designs and offer them for sale at the www.lifeisgoodshirt.com website; (2) providing payment processing services in connection with the sale of products through the www.lifeisgoodshirt.com website; (3) providing fulfillment services in connection with the printing and shipping of products sold through the

www.lifeisgoodshirt.com website; and (4) providing customer service to support sales at the www.lifeisgoodshirt.com website;

9. Enter a preliminary injunction enjoining and restraining Defendants Namecheap, Inc. and RamNode LLC, as well as their directors, officers, agents, servants, employees, attorneys, subsidiaries, parents, affiliated companies, successors, and assigns, and all persons in active concert or participation with said Defendants who receive actual notice of this Court's orders by personal service or otherwise, from providing web hosting, website management, server management, and/or any other services in connection with the operation of the www.lifeisgoodshirt.com website;

10. Enter a permanent injunction enjoining and restraining Defendants Namecheap, Inc. and RamNode LLC, as well as their directors, officers, agents, servants, employees, attorneys, subsidiaries, parents, affiliated companies, successors, and assigns, and all persons in active concert or participation with said Defendants who receive actual notice of this Court's orders by personal service or otherwise, from providing web hosting, website management, server management, and/or any other services in connection with the operation of the www.lifeisgoodshirt.com website;  and

11. Award such further relief as the Court deems just and appropriate.

<u>Jury Demand</u>

The Plaintiff demands a trial by jury on all issues so triable.

THE LIFE IS GOOD COMPANY,
By its attorneys,

/s/ Thomas E. Kenney
Thomas E. Kenney (#561590)
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
(617) 720-2444
tom@piercemandell.com

## VERIFICATION

I, John W. Banse, do declare that I have read the foregoing complaint and that I know the contents thereof. The same is true to my knowledge except to those matters which are alleged on information and belief; as to those matters, I believe them to be true.

I declare under the penalties of perjury that the foregoing is true and correct and that this declaration was executed on October 3rd, 2017 in Boston, MA.

John W. Banse
General Counsel
The Life is Good Company